**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*Robert L. Toll*
*Assistant United States Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

RLT/PL AGR
2024R00264

RECEIVED
SEP 02 2026
AT 8:30 M
CLERK, U.S. DISTRICT COURT - DNJ

May 7, 2026

Bruce Levy, Esq.
Hartmann Doherty Rosa Berman & Bulbulia LLP
830 Morris Turnpike, Ste. 304
Short Hills, NJ 07078

Re: Plea Agreement with Dr. Chong Kim 26-416

Dear Bruce:

This letter sets forth the plea agreement between your client, Dr. Chong Kim ("Dr. Kim"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on May 21, 2026, if it is not accepted in writing by that date. If Dr. Kim does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Dr. Kim to a two-count Information, charging him with: in Count One, Conspiracy to Commit Health Care Fraud, contrary to Title 18, United States Code, Section 1347, in violation of Title 18, United States Code, Section 1349; and in Count Two, Conspiracy to Make False Statements Relating to Health Care Fraud Matters, contrary to Title 18, United States Code, Section 1035, in violation of Title 18, United States Code, Section 371. If Dr. Kim enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Dr. Kim for his role in a scheme to commit health care fraud related to allergy testing and treatment services from in or around October 2020 to in or around December 2023.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Dr. Kim even if the applicable statute of limitations period

for those charges expires after Dr. Kim signs this agreement, and Dr. Kim agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which Dr. Kim agrees to plead guilty in Count One of the Information carries a statutory maximum penalty of 10 years' imprisonment and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 371 to which Dr. Kim agrees to plead guilty in Count Two of the Information carries a statutory maximum penalty of 5 years' imprisonment and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence Dr. Kim is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dr. Kim is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Dr. Kim ultimately will receive.

Further, in addition to imposing any other penalty on Dr. Kim, the sentencing judge as part of the sentence:

(1) will order Dr. Kim to pay an assessment of $100 per count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Dr. Kim to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order Dr. Kim, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7);

(5) pursuant to 18 U.S.C. § 3583, may require Dr. Kim to serve a term of supervised release of not more than 3 years per count, which will begin at the expiration of any term of imprisonment imposed. Should Dr. Kim be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dr. Kim may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Dr. Kim agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses as follows:

| Victim | Amount |
|---|---|
| Medicare | $1,695,708.14 |
| Blue Cross Blue Shield | $3,188,634.99 |
| United | $449,270.18 |
| Aetna | $62,786.68 |

Forfeiture

As part of Dr. Kim's acceptance of responsibility, Dr. Kim agrees to forfeit the following to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, Dr. Kim obtained that constitutes or was derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud conspiracy offenses charged in Counts One and Two of the Information, and all property traceable to such property, which Dr. Kim agrees was approximately $743,598.99

Dr. Kim further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, entitling the United States to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $743,598.99 (the "Money Judgment"). Dr. Kim consents to the entry of an order requiring Dr. Kim to pay the Money Judgment, in the manner described below (the "Order"), and agrees that the Order will be final as to Dr. Kim prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Dr. Kim's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Dr. Kim agrees that this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Dr. Kim waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Dr. Kim understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Dr. Kim of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Dr. Kim waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Dr. Kim further understands that Dr. Kim has no right to demand that any forfeiture of Dr. Kim's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Dr. Kim in addition to forfeiture.

Dr. Kim further understands that the Government may require Dr. Kim to complete a Financial Disclosure Statement. Dr. Kim agrees that if the Government requests one, Dr. Kim is required to accurately complete it within 14 days of the Government's request. If the Government requests one but Dr. Kim fails to timely provide a complete and accurate Financial Disclosure Statement, or if the Government determines that Dr. Kim has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Dr. Kim by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States

Probation Office of: (1) this agreement; and (2) the full nature and extent of Dr. Kim's activities and relevant conduct with respect to this case.

Stipulations

This Office and Dr. Kim will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Dr. Kim waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Dr. Kim understands that, if Dr. Kim is not a citizen of the United States, Dr. Kim's guilty plea to the charged offenses will likely result in Dr. Kim being subject to immigration proceedings and removed from the United States by making Dr. Kim deportable, excludable, or inadmissible, or ending Dr. Kim's naturalization. Dr. Kim understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dr. Kim wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Dr. Kim's removal from the United States. Dr. Kim understands that Dr. Kim is bound by this guilty plea regardless of any immigration consequences. Accordingly, Dr. Kim waives any right to challenge the

guilty plea, sentence, or both based on any immigration consequences. Dr. Kim also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dr. Kim. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him, including under the False Claims Act, 31 U.S.C. §§ 3729-3733.

No provision of this agreement shall preclude Dr. Kim from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Dr. Kim and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

*/s/ Robert L. Toll*
By: Robert L. Toll
Assistant U.S. Attorney

APPROVED:

George Brandley
Chief, Health Care Fraud and
Opioids Enforcement Unit

I have received this letter from my attorney, Bruce Levy, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Dr. Chong Kim

Date: May 21, 2026

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Bruce Levy, Esq.
Counsel for Defendant

Date: MAY 21, 2026

Plea Agreement with Dr. Chong Kim ("Dr. Kim")

Schedule A

1. This Office and Dr. Kim recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2025 applies in this case.

**Count One**
(Conspiracy to Commit Health Care Fraud, 18 U.S.C. § 1349)

3. The applicable guideline is U.S.S.G. § 2X1.1, which specifies that the base offense level from the guideline for the substantive offense applies. The applicable guideline for the substantive offense—health care fraud, 18 U.S.C. § 1347—is U.S.S.G. § 2B1.1.

4. The Base Offense Level is 6. U.S.S.G. § 2B1.1(a)(2).

5. Because the offense involved actual losses totaling more than $3,500,000 but not more than $9,500,000, under U.S.S.G. § 2B1.1(b)(1)(J), there is an increase of 18 levels.

6. Because the Defendant was convicted of a Federal health care offense involving a Government health care program, and the loss to the Government health care program is more than $1,000,000, there is an increase of 2 levels under U.S.S.G. § 2B1.1(b)(7)(i).

7. Because Dr. Kim abused a position of public or private trust in a manner that significantly facilitated the commission of the offense, an increase of 2 levels is warranted under U.S.S.G. § 3B1.3.

8. No other Specific Offense Characteristics apply. Accordingly, the total offense level for Count One is 28.

**Count Two**
(Conspiracy to Make False Statements Relating to Health Care Fraud Matters, 18 U.S.C. § 371)

9. The applicable guideline is U.S.S.G. § 2X1.1, which specifies that the base offense level from the guideline for the substantive offense applies. The applicable guideline for the substantive offense—False Statements Relating to Health Care Fraud Matters, 18 U.S.C. § 1035—is U.S.S.G. § 2B1.1.

10. The Base Offense Level is 6. U.S.S.G. § 2B1.1(a)(2).

11. Because the offense involved actual losses totaling more than $3,500,000 but not more than $9,500,000, under U.S.S.G. § 2B1.1(b)(1)(J), there is an increase of 18 levels.

12. Because the Defendant was convicted of a Federal health care offense involving a Government health care program, and the loss to the Government health care program is more than $1,000,000, there is an increase of 2 levels under U.S.S.G. § 2B1.1(b)(7)(i).

13. Because Dr. Kim abused a position of public or private trust in a manner that significantly facilitated the commission of the offense, an increase of 2 levels is warranted under U.S.S.G. § 3B1.3.

14. No other Specific Offense Characteristics apply. Accordingly, the total offense level for Count Two is 28.

**Grouping of Multiple Counts**

15. Pursuant to U.S.S.G. §§ 3D1.1 and 3D1.2, when the offense level is determined largely on the basis of the total amount of harm or loss, multiple counts, such as those charged in Counts One and Two of the Information, are to be grouped together in a single group. *See* U.S.S.G. § 3D1.2(d)

16. Pursuant to U.S.S.G. § 3D1.3(b), the highest offense level governs. Therefore, the combined offense level for Counts One and Two is 28.

**Acceptance of Responsibility**

17. As of the date of this letter, Dr. Kim has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dr. Kim's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

18. As of the date of this letter, Dr. Kim has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Dr. Kim's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Dr. Kim enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Dr. Kim's acceptance of responsibility has continued through the date of sentencing and Dr. Kim therefore qualifies for a 2-point reduction for

acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Dr. Kim's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

19. If Dr. Kim establishes at sentencing that he both has no criminal history points and meets the other criteria of U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a Total Guidelines offense level of 23; otherwise, Dr. Kim's total Guidelines offense level will by 25 (the "Total Offense Level").

20. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

21. If the term of imprisonment does not exceed 71 months, and except as specified in the next paragraph below, Dr. Kim will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 46 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

22. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).